UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAUS CLARENCE GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>JANET L. FRANKEL, et al.,<br><br>Defendants. | Case No.  25-cv-07110-RFL<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 1, 7 |

Nicholaus Garcia, who is representing himself and has been granted leave to proceed in forma pauperis, has filed an action against several defendants associated with the Marin County Superior Court and California Department of Child Support Services in their individual and official capacities.  (Dkt. No. 1 ("Compl.").)  Garcia brings claims under 42 U.S.C. § 1983, alleging that he has been denied various constitutional rights over the course of child support proceedings in state court.  (*Id.* at 14–18.)

## I.    SCREENING REQUIREMENT

In cases where the plaintiff proceeds in forma pauperis, the Court is required to screen the complaint.  28 U.S.C. § 1915(e)(2).  If the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed.  *Id.*  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Pleadings filed by those acting without the benefit of a lawyer must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  Nonetheless, a complaint must contain "a short and plain statement of the claim

1

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## II.     THE COURT LACKS SUBJECT MATTER JURISDICTION

Federal courts are generally not allowed to hear claims about state courts' alleged legal errors. Garcia has failed to state a claim upon which relief can be granted because the Court is barred from exercising subject matter jurisdiction over his claims by the *Rooker-Feldman* doctrine, "which prohibits federal courts from hearing de facto appeals of state court decisions." *Andrews v. California Department of Consumer Affairs*, 2018 WL 1471877, at *3 (N.D. Cal. Mar. 26, 2018) (citing *Noel v. Hall*, 341 F.3d 1148, 1163–64 (9th Cir. 2003)). "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986). "Once a federal plaintiff seeks to bring a forbidden de facto appeal . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." *Noel*, 341 F.3d 1158.

Each of Garcia's claims stem from two incidents: that Defendants deprived Garcia of his constitutional rights by (1) refusing to grant his requests for de novo judicial review of Commissioner Janet L. Frankel's rulings in his ongoing child support proceedings and (2) denying his motions to disqualify Commissioner Frankel. (*See, e.g.*, Compl. ¶ 49.) In order to grant Garcia the relief that he seeks, the Court would need to find that the state court orders were incorrect. This is the exact type of de facto appeal barred by the *Rooker-Feldman* doctrine, which precludes relief for "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). As such, the *Rooker-Feldman* doctrine has been applied to dismiss similar de facto appeals of state court child support proceedings. *See Kernan v. Div. of Child Support Enforcement*, 70 F. App'x 481, 481 (9th Cir. 2003) (upholding dismissal of Section 1983 claims inextricably tied to state court child support proceedings under *Rooker-Feldman*); *Nemcik v. Mills*, 2016 WL 4364917, at *6 (N.D. Cal. Aug. 16, 2016) ("Nemcik's action, the basis of which

is to re-calculate her child support orders, is barred by the Rooker-Feldman doctrine.").  As for the other alleged misconduct by Defendants—such as refusing to docket his objections, obstructing his access to court records, and allowing the opposing party to submit late filings— these are procedural issues inextricably linked to Garcia's efforts to have the Superior Court's adverse rulings reversed.  (*See, e.g.*, Compl. ¶ 49.)  Claims like these "alleging that the procedures and process were inadequate in a particular state court proceeding, fall[] squarely under *Rooker-Feldman*."  *Andrews*, 2018 WL 1471877, at *3.

Garcia argues that the doctrine does not apply here because claims based on extrajudicial misconduct are not barred by the doctrine, citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004).  (Compl. ¶ 3.)  In *Kougasian*, the Ninth Circuit held that the *Rooker-Feldman* doctrine does not bar a claim of "extrinsic fraud," meaning that an adverse party engaged in "conduct which prevent[ed] [the plaintiff] from presenting his claim in court."  359 F.3d at 1141. "The focus of such claim is not on whether a state court committed legal error, but rather on 'a wrongful act by the adverse party.'"  *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Kougasian*).  Garcia does not allege extrinsic fraud by an adverse party involved in his state court case, but instead complains of errors by the state court in its handling of his case.  Garcia's claims must be dismissed for lack of subject matter jurisdiction.

## III.    CONCLUSION

For the forgoing reasons, Garcia's complaint is **DISMISSED** with prejudice.  Dismissal is without leave to amend.  Because his complaint falls squarely within the *Rooker-Feldman* doctrine, this deficiency cannot be cured by amendment.

**IT IS SO ORDERED.**

Dated: November 12, 2025

RITA F. LIN
United States District Judge